# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CINDY KAY LORENZ and DAVID BRYAN LORENZ**, | Case No. 3:15-cv-680-SI |
| Plaintiffs, | **OPINION AND ORDER** |
| v. | |
| **DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-HE4; LANE POWELL PC; PILAR FRENCH; TERESA SHILL; ROBERT E. MALONEY, JR.; GREGORY P. DOLINAJEC; NORTHWEST TRUSTEE SERVICES; DECISION ONE MORTGAGE COMPANY, LLC; MORTGAGE ELECTRONIC REGISTRATION COMPANY; WELLS FARGO BANK, NA; and RCO LEGAL**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiffs, appearing *pro se*, allege in their First Amended Complaint seven claims for relief against eleven Defendants. Before the Court are three separate motions to dismiss filed by Defendants. For the reasons stated below, all three motions to dismiss are GRANTED, as is Defendants' request for judicial notice. Plaintiffs may file a Second Amended Complaint not later than 21 days from the date of this Opinion and Order. If Plaintiffs choose timely to file a Second Amended Complaint but fail to cure the deficiencies identified below, the Court will dismiss this case with prejudice and without leave to file a third amended complaint.

PAGE 1 – OPINION AND ORDER

**STANDARDS**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

A court also must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A *pro*

*se* litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)). Under Federal Rule of Civil Procedure 8(a)(2), however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## BACKGROUND

This lawsuit arises from a state court proceeding involving a contested judicial foreclosure and a claim to enforce a settlement agreement to enter a judgment of judicial foreclosure. The action concerns real property located at 17013 Northwest Johnson Road, Hillsboro, Oregon (the "Property"). In 2006, Plaintiff David Lorenz borrowed $640,000 from Decision One Mortgage Company (the "Loan"). Plaintiff David Lorenz signed and delivered a promissory note in the amount of $640,000 (the "Note"). As part of the same transaction, Plaintiff David Lorenz signed a Deed of Trust securing the Property, dated February 21, 2006, and recorded on February 28, 2006, under Recorder No. 2006-036838 ("Deed of Trust"). Plaintiff Cindy Lorenz did not sign either the Note or the Deed of Trust.

Approximately one year after obtaining the Loan, on or about February 26, 2007, Plaintiff David Lorenz, the then-owner of the Property, filed a Chapter 7 bankruptcy case in which he identified and admitted the Loan in his bankruptcy schedules and admitted that

Defendant Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS

Capital I Inc. Trust 2006-HE4 ("DBNTC"), through its servicer, Defendant Wells Fargo Bank,

NA d/b/a America's Servicing Company, held a lien to secure the Loan on the Property. Plaintiff

David Lorenz was discharged from any personal liability on the Loan, and no payments have

been made on the Loan since January 2010.

When DBNTC sought to commence a nonjudicial foreclosure after Plaintiff David

Lorenz's default, Plaintiff David Lorenz filed a lawsuit admitting that he entered into the Loan,

but claiming that the nonjudicial foreclosure was illegal because the Deed of Trust involved

Defendant Mortgage Electronic Registration Systems, Inc. This suit was dismissed by stipulation

after DBNTC voluntarily agreed to rescind the sale and pursue an action for judicial foreclosure.

DBNTC then filed an action in Multnomah County Circuit Court (the "State Court"),

captioned as *Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS

Capital I Inc. Trust 2006-HE4, its successors in interest and/or assigns v. David B. Lorenz,

Cindy K. Lorenz, et al.*, Case No. 1112-16883 (the "State Court Case"). In the State Court Case,

DBNTC sought to foreclose its Deed of Trust securing the $640,000 loan made to Plaintiff David

Lorenz in February 2006. Although Plaintiff Cindy Lorenz was never a party to the loan and

never signed the loan documents, Plaintiff Cindy Lorenz litigated against the judicial foreclosure,

first as an "occupant" of the Property and then as an alleged owner of the Property (with

ownership claimed through a quitclaim deed from Plaintiff David Lorenz recorded in April

2013). DBNTC asserts that it had previously recorded a Notice of *Lis Pendens* on June 15, 2012,

which under Or. Rev. Stat. § 93.740(2) voided the "quitclaim deed," according to DBTNC.

During the State Court Case, DBNTC on the one hand, and Plaintiffs, and their adult son

and daughter-in-law, Cody and Christy Walton (who were also occupants of the Property at that

time), entered into a settlement agreement, under which Plaintiffs (the Lorenzes) and the Waltons agreed to stipulate to a judgment of foreclosure and vacate the Property by August 25, 2013. According to DBNTC, Plaintiffs and the Waltons then breached the settlement agreement, resulting in DBNTC amending its complaint and including a claim to enforce the settlement agreement against Plaintiffs and the Waltons.

After hearing motions for summary judgment by DBNTC and considering opposition filings and argument by Plaintiffs, the State Court issued detailed written decisions on August 28 and 30, 2013. The State Court granted DBNTC's motions for summary judgment to foreclose its trust deed and separately to enforce the settlement agreement. The State Court found DBNTC was entitled to foreclose its trust deed and that Plaintiffs and the other defendants had breached the settlement agreement. The State Court also found that Plaintiffs twice made untruthful representations to the State Court that they had produced all documents and emails sent to them by their former attorney, which emails contradicted Plaintiffs' claim that they did not agree to the settlement. In the August 2013 order enforcing the settlement agreement, the State Court ordered Plaintiffs and the Waltons to vacate the Property no later than November 1, 2013. Neither Plaintiffs nor the Waltons obeyed the State Court's order, although the Waltons have since vacated the property.

After these summary judgment orders in the State Court Case, Plaintiffs filed separate bankruptcy cases, which were ultimately dismissed by the Bankruptcy Court for failure to pay filing fees (Plaintiff David Lorenz) and failure to submit a confirmable plan among other things (Plaintiff Cindy Lorenz). After dismissal of the two bankruptcy cases, the State Court entered a final general judgment against David and Cindy Lorenz (as defendants in the State Court Case)

PAGE 5 – OPINION AND ORDER

on July 28, 2014 (the "General Judgment").[1] On the morning of the scheduled foreclosure sale, March 23, 2015, Plaintiffs filed a joint bankruptcy case, which again postponed the foreclosure sale.

On April 22, 2015, Plaintiffs, acting *pro se*, commenced this action in federal court against Defendant DBNTC, seeking, among other things, a temporary restraining order to enjoin the impending judicial foreclosure sale. Dkts. 1 and 4. On April 23, 2015, the Court heard argument on Plaintiffs' motion for a temporary restraining order and denied that motion without prejudice. Dkt. 9. The following day, April 24, 2015, the Court granted Plaintiffs' motion for appointment of counsel, Dkt. 10, and appointed an attorney for Plaintiffs. Dkt. 11. On April 29, 2015, the Court received *Plaintiffs'* request that the attorney appointment be terminated. Dkt. 16. At Plaintiffs' request, the Court terminated the appointment of Plaintiffs' counsel. Dkt. 18. Since then, Plaintiffs have continued to represent themselves in this matter.

Also on April 29, 2015, Plaintiffs, acting *pro se*, filed their First Amended Complaint. In their amended pleading, Plaintiff added ten new Defendants, including, among others, the law firm and two of its individual attorneys who have been representing DBNTC. Plaintiffs also named as a Defendant the individual attorney who represented Plaintiffs in the State Court Case.

On May 1, 2015, Plaintiffs filed their second motion for a temporary restraining order. Dkt. 20. On May 4, 2015, the Court denied that motion. Dkt. 23.

---

[1] According to DBNTC, although the General Judgment in the State Court Case states on its face that it is limited to Cindy Lorenz, the Oregon Court of Appeals determined that the General Judgment is a general judgment as to all defendants in the State Court Case (including both David and Cindy Lorenz) and that the prior document entitled a General Judgment for Specific Performance and Foreclosure of Trust Deed entered by the State Court on November 22, 2014, is incorporated into the General Judgment against Plaintiff Cindy Lorenz. In recognition of this holding by the Oregon Court of Appeals, DBNTC refers to the General Judgment entered July 10, 2014, with all incorporations, simply as the "General Judgment." This Court will do the same.

DBNTC represents that it has obtained relief from the bankruptcy stay and that the foreclosure sale occurred on May 4, 2015. According to DBNTC, in granting relief from the stay, the bankruptcy court found that the Lorenzes had engaged in a scheme to hinder, delay, or defraud DBNTC that included the bankruptcy filings by the Lorenzes. After the sale was concluded, the Lorenzes filed a motion to dismiss the bankruptcy. The bankruptcy court dismissed the bankruptcy case upon the trustee's motion and "prohibited [Plaintiffs] from filing any further proceedings under the Bankruptcy Code for a period of 180 days from [May 14, 2015]."

On May 19, June 17, and June 22, 2015, Defendants, in various groupings, filed motions to dismiss the First Amended Complaint. Dkts. 31, 40, and 42. Several Defendants also requested that the Court take judicial notice of the related bankruptcy cases, the State Court Case (including the order by the Oregon Court of Appeals), and several public filings related to the Property and the judicial foreclosure sale. Dkt. 45.

Plaintiffs have appealed the General Judgment in the State Court Case to the Oregon Court of Appeals, and that appeal is pending. DBNTC purchased the Property at the foreclosure sale on May 4, 2015. According to DBNTC, it has been unable to take possession because Plaintiffs remain in possession of the Property.

## DISCUSSION

In their First Amended Complaint, Plaintiffs allege the following seven claims: (1) Declaratory Relief; (2) Section 1962(a) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(a); (3) Section 1962(c) of RICO, 18 U.S.C. § 1962(c); (4) breach of the implied covenant of good faith and fair dealing; (5) fraud; (6) unjust enrichment; and (7) unfair and deceptive business practices. Defendants have moved to dismiss on numerous grounds. In response, Plaintiffs have agreed to "strike" their first claim for relief,

seeking declaratory relief, from their complaint. *See* Dkt. 41, at 2. Accordingly, Plaintiffs' First

Claim (Declaratory Relief) is dismissed with prejudice.

With regard to the balance of Plaintiffs' claims, Plaintiffs "concede[] that additional facts

and pleading with more particularity may be necessary as to claims of fraud." *Id*. at 2. *See*

*generally* Fed. R. Civ. P. 9(b) ("a party must state with particularity the circumstances

constituting fraud"). To the extent that Plaintiffs' RICO claims are based on the predicate acts of

either mail or wire fraud, those predicate acts also must be alleged with particularity. *See*

*Lancaster Comm. Hosp. v. Antelope Valley Hosp. Dist*., 940 F.2d 397, 405 (9th Cir. 1991)

(applying Rule 9(b) to allegations of mail fraud as RICO predicate acts); *Alan Neuman*

*Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) (applying Rule 9(b) to

allegations of mail and wire fraud as RICO predicate acts).

To satisfy Rule 9(b), "a pleading must identify 'the who, what, when, where, and how of

the misconduct charged,' as well as 'what is false or misleading about [the purportedly

fraudulent] statement, and why it is false.'" *Cafasso v. Gen. Dynamics C4 Sys., Inc*., 637 F.3d

1047, 1055 (9th Cir. 2011) (quoting *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998

(9th Cir. 2010)). In addition, "Rule 9(b) does not does not allow a complaint to merely lump

multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing

more than one defendant . . . and inform each defendant separately of the allegations surrounding

his [or her] alleged participation in the fraud.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th

Cir. 2014) (alterations in original) (citation omitted)). These details are required for Plaintiffs'

fraud claim as well as for Plaintiffs' two RICO claims. Plaintiffs' First Amended Complaint

alleges none of this.

With regard to Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing, under Oregon law, every contract contains an implied duty of good faith and fair dealing. *Arnett v. Bank of America, N.A.*, 874 F. Supp. 2d 1021, 1033 (D. Or. 2012). "A duty of good faith and fair dealing, however, may be implied as to a disputed issue only if the parties have not agreed to an express term that governs that issue." *Id.* (quotation marks omitted) (citation omitted). Thus, Plaintiffs must allege, for each Defendant with whom they claim to have had a contractual arrangement that was materially breached by that Defendant, how that defendant breached the implied duty of good faith and fair dealing by doing something other than that which the Defendant had an express contractual right to do. Plaintiffs' First Amended Complaint alleges none of this.

With regard to Plaintiffs' claim for unjust enrichment, the elements of the quasi-contractual claim of unjust enrichment are a benefit conferred, awareness by the recipient that a benefit has been received and, under the circumstances, it would be unjust to allow retention of the benefit without requiring the recipient to pay for it. *Arnett*, 874 F. Supp. 2d at 1035 (quotation marks omitted) (citations omitted). Plaintiffs' First Amended Complaint alleges none of this. Also, there "cannot be a valid legally enforceable contract [for Plaintiffs' good faith claim] and an implied contract covering the same services." *Id.* (quotation marks omitted) (citation omitted).

With regard to Plaintiffs' claim for "unfair and deceptive business practices," Plaintiff must first specify which state or federal law Plaintiff is relying upon. Plaintiff also must allege, in a fashion that is not merely conclusory, how each Defendant sought to be held liable under that statute violated that law. Plaintiffs' First Amended Complaint alleges none of this.

Finally, the Court reiterates, for the benefit of these *pro se* Plaintiffs in formulating their Second Amended Complaint, if they choose to file one, certain standards that govern a motion to dismiss. First, a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr*, 652 F.3d at 1216. Second, the court need not credit the plaintiff's legal conclusions that are couched as factual allegations and "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 556 U.S. at 678-79 (2009). Third, a complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. And fourth, "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

## CONCLUSION

Defendants' three Motions to Dismiss, Dkts. 31, 40, and 42, and Defendants' Request for Judicial Notice, Dkt. 45, are GRANTED. Plaintiffs may file a Second Amended Complaint not later than 21 days from the date of this Opinion and Order. If Plaintiffs choose timely to file a Second Amended Complaint but fail to cure the deficiencies identified in this Opinion and Order, the Court will dismiss this case with prejudice and without leave to file a third amended complaint.

**IT IS SO ORDERED**.

DATED this 24th day of July, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge