## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CINDY KAY LORENZ and**<br>**DAVID BRYAN LORENZ**, | Case No. 3:15-cv-680-SI |
| Plaintiffs, | **OPINION AND ORDER** |
| v. | |
| **DEUTSCHE BANK NATIONAL TRUST**<br>**COMPANY, as Trustee for Morgan Stanley**<br>**ABS Capital I Inc. Trust 2006-HE4; LANE**<br>**POWELL PC; PILAR FRENCH; TERESA**<br>**SHILL; ROBERT E. MALONEY, JR.;**<br>**GREGORY P. DOLINAJEC;**<br>**NORTHWEST TRUSTEE SERVICES;**<br>**DECISION ONE MORTGAGE**<br>**COMPANY, LLC; MORTGAGE**<br>**ELECTRONIC REGISTRATION**<br>**COMPANY; WELLS FARGO BANK, NA;**<br>**and RCO LEGAL**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiffs, appearing *pro se*, alleged in their First Amended Complaint seven claims for

relief against eleven Defendants, who then moved to dismiss. In an Opinion and Order, the Court

granted Defendants' motions and allowed Plaintiffs leave to file a Second Amended Complaint.

Dkt. 57. Among other things, the Court explained in its Opinion and Order that if Plaintiffs chose

to file a Second Amended Complaint but failed to cure the deficiencies identified, the Court

would dismiss this case with prejudice and without leave to file a Third Amended Complaint. On

August 13, 2015, Plaintiffs timely filed their Second Amended Complaint, alleging the following

six claims: (1) Section 1962(a) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(a); (2) Section 1962(c) of RICO, 18 U.S.C. § 1962(c); (3) breach of the implied covenant of good faith and fair dealing; (4) fraud; (5) unjust enrichment; and (6) unfair and deceptive business practices. Dkt. 59. Defendants move to dismiss all claims on numerous grounds. Dkts. 60, 61, 62, and 63. Because Plaintiffs have failed to cure the deficiencies in their First Amended Complaint previously identified by the Court and because it is clear to the Court that these deficiencies cannot be cured by further amendment, Defendants' motions to dismiss are GRANTED, and this case is DISMISSED WITH PREJUDICE.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

A court also must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A *pro se* litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)). Under Federal Rule of Civil Procedure 8(a)(2), however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## BACKGROUND

This lawsuit arises from an Oregon state court proceeding involving both a contested judicial foreclosure and a claim to enforce a settlement agreement. The action concerns real property located at 17013 Northwest Johnson Road, Hillsboro, Oregon (the "Property"). In 2006, Plaintiff David Lorenz borrowed $640,000 from Decision One Mortgage Company (the "Loan").

PAGE 3 – OPINION AND ORDER

Plaintiff David Lorenz signed and delivered a promissory note in the amount of $640,000 (the "Note"). As part of the same transaction, Plaintiff David Lorenz signed a Deed of Trust securing the Property, dated February 21, 2006, and recorded on February 28, 2006, under Recorder No. 2006-036838 ("Deed of Trust"). Plaintiff Cindy Lorenz did not sign either the Note or the Deed of Trust.

Approximately one year after obtaining the Loan, on or about February 26, 2007, Plaintiff David Lorenz, the then-owner of the Property, filed a Chapter 7 bankruptcy case in which he identified and admitted the Loan in his bankruptcy schedules and admitted that Defendant Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-HE4 ("DBNTC"), through its servicer, Defendant Wells Fargo Bank, NA d/b/a America's Servicing Company, held a lien to secure the Loan on the Property. Plaintiff David Lorenz was discharged from any personal liability on the Loan, and no payments have been made on the Loan since January 2010.

After DBNTC began a non-judicial foreclosure following David Lorenz's default, Mr. Lorenz filed a lawsuit. In that action, Mr. Lorenz admitted that he entered into the Loan but claimed that the non-judicial foreclosure was illegal because the Deed of Trust involved Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"). This lawsuit was dismissed by stipulation after DBNTC voluntarily agreed to rescind the notice of sale and pursue an action for judicial foreclosure.

DBNTC then filed an action in Multnomah County Circuit Court (the "State Court"), captioned as *Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-HE4, its successors in interest and/or assigns v. David B. Lorenz, Cindy K. Lorenz, et al.*, Case No. 1112-16883 (the "State Court Case"). In the State Court Case,

DBNTC sought to judicially foreclose its Deed of Trust that secured the $640,000 loan made to Mr. Lorenz in February 2006. Although Cindy Lorenz was never a party to the loan and never signed the loan documents, she opposed the judicial foreclosure both as an "occupant" of the Property and as an alleged owner of the Property (with her purported ownership being claimed through a quitclaim deed from David Lorenz recorded in April 2013). DBNTC responded that it had previously recorded a Notice of *Lis Pendens* on June 15, 2012, which under Or. Rev. Stat. § 93.740(2) voided the "quitclaim deed," according to DBTNC.

During the State Court Case, DBNTC on the one hand, and David and Cindy Lorenz and their adult son and daughter-in-law, Cody and Christy Walton (who were also occupants of the Property at that time), entered into a settlement agreement under which the Lorenzes and the Waltons agreed to stipulate to a judgment of foreclosure and to vacate the Property by August 25, 2013. According to DBNTC, the Lorenzes and the Waltons then breached the settlement agreement, resulting in DBNTC amending its complaint and including a claim to enforce the settlement agreement against the Lorenzes and the Waltons.

After hearing motions for summary judgment by DBNTC and considering opposition filings and argument by the Lorenzes, the State Court issued detailed written decisions on August 28 and 30, 2013. The State Court granted DBNTC's motions for summary judgment to foreclose its trust deed and separately to enforce the settlement agreement. The State Court found DBNTC was entitled to foreclose its trust deed and that the Lorenzes and the Waltons had breached the settlement agreement. The State Court also found that the Lorenzes twice made untruthful representations to the State Court that they had produced all documents and emails sent to them by their former attorney, which emails contradicted the Lorenzes' claim that they did not agree to the settlement. In the August 2013 order enforcing the settlement agreement, the

State Court ordered the Lorenzes and the Waltons to vacate the Property not later than November 1, 2013. Neither the Lorenzes nor the Waltons timely obeyed the State Court's order, although the Waltons have since vacated the property.

After these summary judgment orders in the State Court Case, the Lorenzes filed separate bankruptcy cases, which were ultimately dismissed by the Bankruptcy Court for failure to pay filing fees (David Lorenz) and failure to submit a confirmable plan among other things (Cindy Lorenz). After dismissal of the two bankruptcy cases, the State Court entered a final general judgment against David and Cindy Lorenz (as defendants in the State Court Case) on July 28, 2014 (the "General Judgment").[1] On the morning of the scheduled foreclosure sale, March 23, 2015, Plaintiffs jointly filed a new bankruptcy case, which again postponed the foreclosure sale.

On April 22, 2015, the Lorenzes, acting *pro se*, commenced this action in federal court against Defendant DBNTC, seeking, among other things, a temporary restraining order to enjoin the impending judicial foreclosure sale. Dkts. 1 and 4. On April 23, 2015, the Court heard argument on Plaintiffs' motion for a temporary restraining order and denied that motion. Dkt. 9. The following day, April 24, 2015, the Court granted Plaintiffs' motion for appointment of counsel, Dkt. 10, and appointed an attorney for Plaintiffs. Dkt. 11. On April 29, 2015, the Court received a request from the Lorenzes that the appointment of the attorney assigned to represent them *pro bono* be terminated. Dkt. 16. At Plaintiffs' request, the Court terminated the

---

[1] According to DBNTC, although the General Judgment in the State Court Case states on its face that it is limited to Cindy Lorenz, the Oregon Court of Appeals determined that the General Judgment is a general judgment as to all defendants in the State Court Case (including both David and Cindy Lorenz) and that the prior document entitled a General Judgment for Specific Performance and Foreclosure of Trust Deed entered by the State Court on November 22, 2014, is incorporated into the General Judgment against Cindy Lorenz. In recognition of this holding by the Oregon Court of Appeals, DBNTC refers to the General Judgment entered July 10, 2014, with all incorporations, simply as the "General Judgment." This Court will do the same.

appointment of Plaintiffs' counsel. Dkt. 18. Since then, Plaintiffs have continued to represent themselves in this matter.

Also on April 29, 2015, Plaintiffs, acting *pro se*, filed their First Amended Complaint. In their amended pleading, Plaintiff added ten new Defendants, including, among others, the law firm and two of its individual attorneys who have been representing DBNTC. Plaintiffs also named as a Defendant the individual attorney who represented Plaintiffs in the State Court Case.

On May 1, 2015, Plaintiffs filed their second motion for a temporary restraining order. Dkt. 20. On May 4, 2015, the Court denied that motion. Dkt. 23.

DBNTC obtained relief from the bankruptcy stay, and the foreclosure sale occurred on May 4, 2015. According to DBNTC, in granting relief from the stay, the bankruptcy court found that the Lorenzes had engaged in a scheme to hinder, delay, or defraud DBNTC that included the bankruptcy filings by the Lorenzes. After the sale was concluded, the Lorenzes filed a motion to dismiss the bankruptcy. The bankruptcy court dismissed the bankruptcy case upon the trustee's motion. On August 25, 2015, the Multnomah County Sheriff's Office served a Writ of Assistance on the Lorenzes, resulting in their eviction from the Property. The Lorenzes have appealed the General Judgment in the State Court Case to the Oregon Court of Appeals, and that appeal is pending.

On May 19, June 17, and June 22, 2015, Defendants filed motions to dismiss the First Amended Complaint. Dkts. 31, 40, and 42. Several Defendants also requested that the Court take judicial notice of the related bankruptcy cases, the State Court Case (including the order by the Oregon Court of Appeals), and several public filings related to the Property and the judicial foreclosure sale. Dkt. 45. On July 24, 2015, the Court granted Defendants' motions. Dkt. 57.

In response to Defendants' motions to dismiss Plaintiffs' First Amended Complaint, Plaintiffs "concede[d] that additional facts and pleading with more particularity may be necessary as to claims of fraud." Dkt. 41 at 2. *See generally* Fed. R. Civ. P. 9(b) ("a party must state with particularity the circumstances constituting fraud"). As the Court explained in its Opinion and Order dismissing Plaintiffs' First Amended Complaint, to the extent that Plaintiffs' RICO claims are based on predicate acts of either federal mail or wire fraud, those predicate acts also must be alleged with particularity. *See Lancaster Comm. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (applying Rule 9(b) to allegations of mail fraud as RICO predicate acts); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) (applying Rule 9(b) to allegations of mail and wire fraud as RICO predicate acts). Dkt. 57, at 8.

The Court further explained that to satisfy Rule 9(b), "a pleading must identify 'the who, what, when, where, and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent] statement, and why it is false.'" *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)). In addition, "Rule 9(b) does not does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his [or her] alleged participation in the fraud.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2014) (alterations in original) (citation omitted)). These details are required for Plaintiffs' fraud claim as well as for Plaintiffs' two RICO claims. Dkt. 57, at 8.

The Court also explained that with regard to Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing, under Oregon law, every contract contains an implied duty of good faith and fair dealing. *Arnett v. Bank of America, N.A.*, 874 F. Supp. 2d 1021, 1033

(D. Or. 2012). "A duty of good faith and fair dealing, however, may be implied as to a disputed issue only if the parties have not agreed to an express term that governs that issue." *Id.* (quotation marks omitted) (citation omitted). Thus, Plaintiffs must allege, for each Defendant with whom they claim to have had a contractual arrangement that was materially breached by that Defendant, how that defendant breached the implied duty of good faith and fair dealing by doing something other than that which the Defendant had an express contractual right to do. Dkt. 57, at 9. The Court added that with regard to Plaintiffs' claim for unjust enrichment, the elements of the quasi-contractual claim of unjust enrichment are a benefit conferred, awareness by the recipient that a benefit has been received and, under the circumstances, it would be unjust to allow retention of the benefit without requiring the recipient to pay for it. *Arnett*, 874 F. Supp. 2d at 1035 (quotation marks omitted) (citations omitted). Also, there "cannot be a valid legally enforceable contract [for Plaintiffs' good faith claim] and an implied contract covering the same services." *Id.* (quotation marks omitted) (citation omitted). Dkt. 57, at 9.

With regard to Plaintiffs' claim for "unfair and deceptive business practices," the Court informed Plaintiffs that they must first specify which state or federal law Plaintiff is relying upon. Plaintiff also must allege, in a fashion that is not merely conclusory, how each Defendant sought to be held liable under that statute violated that law. Dkt. 57, at 9.

Finally, the Court reiterated to Plaintiffs the standards that govern a motion to dismiss. The Court said that a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr*, 652 F.3d at 1216. Second, the court need not credit the plaintiff's legal conclusions that are couched as factual allegations and "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.'" *Ashcroft*, 556 U.S. at 678-79 (2009). Third, a complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. And fourth, "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Dkt. 57, at 10.

## DISCUSSION

### A.  Plaintiffs' RICO and Fraud Claims

To state a claim under RICO where the predicate acts involve either mail or wire fraud and to state a claim for common law fraud, Plaintiffs "must identify 'the who, what, when, where, and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent] statement, and why it is false.'" *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)). In addition, "Rule 9(b) does not does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his [or her] alleged participation in the fraud.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2014) (alterations in original) (citation omitted)). Plaintiffs' allegations are conclusory in nature, and Plaintiffs' Second Amended Complaint fails to contain sufficient factual allegations plausibly to suggest an entitlement to relief. *Starr*, 652 F.3d at 1216. Accordingly, Plaintiffs' RICO and fraud claims are dismissed with prejudice.

**B.  Plaintiffs' Claim of Breach of the Implied Covenant of Good Faith and Fair Dealing**

To state a claim of breach of the implied covenant of good faith and fair dealing, Plaintiffs must allege, for each Defendant with whom they claim to have had a contractual arrangement that was materially breached by that Defendant, how that defendant breached the implied duty of good faith and fair dealing by doing something other than that which the Defendant had an express contractual right to do. Plaintiffs' allegations are conclusory in nature, and Plaintiffs' Second Amended Complaint fails to contain sufficient factual allegations plausibly to suggest an entitlement to relief. *Starr*, 652 F.3d at 1216. Accordingly, Plaintiffs' Claim of Breach of the Implied Covenant of Good Faith and Fair Dealing is dismissed with prejudice. In the alternative, the Court declines to exercise supplemental jurisdiction over this state law claim. 28 U.S.C. § 1367(c)(3).

**C.  Plaintiffs' Claim of Unjust Enrichment**

To state a claim of unjust enrichment, Plaintiffs must allege a benefit conferred, awareness by the recipient that a benefit has been received, and how under the circumstances it would be unjust to allow retention of the benefit without requiring the recipient to pay for it. *Arnett*, 874 F. Supp. 2d at 1035 (quotation marks omitted) (citations omitted). Plaintiffs' allegations are conclusory in nature, and Plaintiffs' Second Amended Complaint fails to contain sufficient factual allegations plausibly to suggest an entitlement to relief. *Starr*, 652 F.3d at 1216. Accordingly, Plaintiffs' Claim of Unjust Enrichment is dismissed with prejudice. In the alternative, the Court declines to exercise supplemental jurisdiction over this state law claim. 28 U.S.C. § 1367(c)(3).

**D.  Plaintiffs' Claim of Unfair and Deceptive Business Practices**

Plaintiffs allege that Defendants Deutsche Bank, Northwest Trustee Services, Mortgage Electronic Registration Company, and Decision One Mortgage Company, violated Or. Rev. Stat.

§§ 646.607(1), (2), (6), and (7) and 15 U.S.C. § 45 and that Defendants Lane Powell PC, Pilar French, Robert E. Maloney, Jr., and Teresa Shill worked "in collusion" with the principal Defendants "in furtherance of the deceptive business practices." Plaintiffs' allegations are conclusory in nature, and Plaintiffs' Second Amended Complaint fails to contain sufficient factual allegations plausibly to suggest an entitlement to relief. *Starr*, 652 F.3d at 1216. Accordingly, Plaintiffs' Claim of Unfair and Deceptive Business Practices is dismissed with prejudice. In the alternative, the Court declines to exercise supplemental jurisdiction over this state law claim. 28 U.S.C. § 1367(c)(3).

In addition, Plaintiffs' claim under Or. Rev. Stat. § 646.607 fails because claims under that statute may be prosecuted only by the State of Oregon, and Oregon law "does not create a private right of action for violations of ORS 646.607." *Norton v. Nelson*, 252 Or. App. 611, 619-20 (2012). Further, the Oregon Unlawful Trade Practices Act ("UTPA") does not apply to the Loan at issue here because it was extended under an earlier version of the UTPA that did not extend to "loans and extensions of credit." *Roisland v. Flagstar Bank*, FSB, 989 F. Supp. 2d 1095, 1108 (D. Or. 2013).

Moreover, to the extent that Plaintiffs seek to bring this claim under 15 U.S.C. § 45 (Section 5 of the Federal Trade Commission Act), it fails because there is no private right of action under this particular federal law. *Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280 (9th Cir. 1973). For these reasons as well, Plaintiffs' Claim of Unfair and Deceptive Business Practices is dismissed with prejudice.

## E.  Plaintiffs' Claims Are Barred by Issue Preclusion

Defendants also argue that Plaintiffs have repeatedly and unsuccessfully challenged in state court the foreclosure and settlement enforcement proceedings that are challenged in this action. Issue preclusion prevents re-litigation in a later proceeding of an issue of ultimate fact

PAGE 12 – OPINION AND ORDER

that has been finally determined by a valid prior proceeding. *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 )0th Cir. 1992); *see also* 28 U.S.C. § 1738. Moreover, the General Judgment in the State Court Case currently is on appeal before the Oregon Court of Appeals, and the pendency of an appeal does not eliminate a judgment's preclusive effect. *Ron Tonkin Gran Turismo, Inc. v. Wakehouse Motors, Inc.*, 46 Or. App. 199, 207 (1980). Plaintiffs' arguments challenging the state court rulings should be resolved by the Oregon Court of Appeals, not by this Court.

**CONCLUSION**

Defendants' Motions to Dismiss Plaintiffs' Second Amended Complaint (Dkts. 60, 61, 62, and 63) are GRANTED. Because Plaintiffs have failed to cure the deficiencies in their First Amended Complaint previously identified by the Court and because it is clear to the Court that these deficiencies cannot be cured by further amendment, this case is DISMISSED WITH PREJUDICE. Plaintiffs' Third Motion for Temporary Restraining Order (Dkt. 64) is DENIED AS MOOT.

**IT IS SO ORDERED**.

DATED this 5th day of October, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge